# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:16-cr-059
                                  Also 3:20-cv-430

                                    District Judge Walter H. Rice
- vs -                           Magistrate Judge Michael R. Merz

DANIEL E. JONES,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

      This criminal case is before the Court upon the filing of a *pro se* Motion to Vacate under 28 U.S.C. § 2255 by Defendant Daniel E. Jones (ECF No. 58)  As with all other collateral attacks on criminal judgments filed at the Dayton location of Court, it has been referred to the undersigned under General Order Day 13-01.

      The Motion to Vacate is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

**Litigation History**

Having waived preliminary examination, Jones was indicted by a grand jury for this District on April 26, 2016 (Indictment, ECF No. 19) on charges of conspiracy to distribute fentanyl (Count One), possession of fentanyl with intent to distribute (Count Two), possessing a firearm in furtherance of a drug trafficking crime (Count Three), and possessing a firearm in and affecting interstate commerce, having previously been convicted of a felony (Count Four).

On April 4, 2017, Jones entered into a plea agreement with the United States under which he would plead guilty to Counts Two and Four and the other two counts would be dismissed (Plea Agreement, ECF No. 41).  On January 4, 2018, District Judge Rice imposed a sentence of 144 months on Count Two and sixty months on Count Four, to be served concurrently (Minutes, ECF No. 53; Judgment, ECF No. 54).  Jones took no appeal, so his conviction became final when his time to appeal expired January 14, 2018.  Aside from a Motion for Compassionate Release, nothing further was filed in the case until Jones deposited his § 2255 Motion in the prison mail on October 19, 2020.

## Analysis

Motions to Vacate under 28 U.S.C. § 2255 are subject to a one-year statute of limitations.  28 U.S.C. § 2255(f) provides

> A one-year statute of limitations shall apply to a motion under this section.  The limitations period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;

2

>   (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

One year from the date judgment became final in this case would have been January 14, 2019. Because Jones' Motion was not filed until October 19, 2020, it is barred by § 2255(f)(1) unless it comes within a later starting date.

Jones relies on *Rehaif v. United States,* 588 U.S. ___, 139 S. Ct. 2191 (2019), decided June 21, 2019, which he says entitles him to relief because he was not informed at the time of his guilty plea that two of the elements needed to be proved for a conviction under 18 U.S.C. § 922(g)(1) are that a defendant knew he possessed a firearm and knew that he belonged to a class of persons prohibited by the statute from possessing a firearm (Motion, ECF No. 58, PageID 192).

Although the plea colloquy in this case has not been transcribed, the Statement of Facts attached to the Plea Agreement belies Jones's claim. In it he admitted he possessed a firearm and that he had been convicted of a felony (Statement of Facts, ECF No. 41, PageID 101). One can not truthfully admit one possessed a firearm or had been convicted of a felony unless one knows those facts. The fact that neither his attorney nor the Court told him in April 2017 that two years later the Supreme Court would clarify the *mens rea* element of § 922(g) is immaterial when the elements are proved by his own counseled admission in open court.

Jones also relies on *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020).  However, precedent form the Fourth Circuit is not binding here in the Sixth Circuit.

Therefore Jones' claim under *Rehaif* is without merit.  The claim is also untimely.  It was not filed within one year of judgment.  *Rehaif* itself did not re-start the statute of limitations because it did not, in the words of § 2255(f)(3) announce a new right which the Supreme Court made retroactive to cases on collateral attack.  In fact, the *Rehaif* opinion does not discuss retroactivity at all.  And even if *Rehaif* had re-started the statute, Jones waited a year and four months after *Rehaif* was decided to file his Motion.

**Conclusion**

Accordingly, it is respectfully recommended that Jones' § 2255 Motion be dismissed with prejudice as without merit and barred by the statute of limitations.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 23, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.