# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:16-cr-059
                                                  Also 3:20-cv-430

                                                  District Judge Walter H. Rice
  - vs -                                  Magistrate Judge Michael R. Merz

DANIEL E. JONES,

                Defendant.      :

## REPORT AND RECOMMENDATIONS

      This case is before the Court upon the filing of what Defendant has captioned "Objections to the Magistrate Judge's Report and Recommendations" (ECF No. 75).

**Status of the Current Filing**

      This filing cannot properly be considered as objections made under Fed.R.Civ.P. 72(b)(3) because they are very untimely. The Report and Recommendations to which Jones makes objection was filed and served October 23, 2020 ("Report," ECF No. 60). When Defendant failed to file objections within the seventeen days allowed by law (November 9, 2020) and indeed had

1

not done so by ten days later, District Judge Rice on November 19, 2020, adopted the Report and dismissed the case ("Order", ECF No. 63; "Judgment", ECF No. 64)[1].

On December 7 and 8, 2020, Jones moved to reopen the case (ECF Nos. 66 and 67). On December 8, 2020, the Magistrate Judge acknowledged that these motions were timely under Fed.R.Civ.P. 59(e) and allowed Petitioner to supplement them with the arguments he would have made in timely objections (Order, ECF No. 68). Defendant has now presented those arguments in the instant "Objections." However, the arguments are not to be evaluated under the *de novo* standard of Fed.R.Civ.P. 72(b)(3), but rather under the standard applicable to motions to amend under Fed.R.Civ.P. 59(e).

**Rule 59(e) Standard**

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to

---

[1] Defendant has a pending Motion for Compassionate Release on which he is represented by Attorney Keith Yeazel. That Motion remains pending and is not referred to the Magistrate Judge. Mr. Yeazel sought and obtained an extension of time with respect to that Motion during the time the Report was outstanding (ECF Nos. 61, 62). Indeed Judge Rice extended Attorney Yeazel's time the same day he dismissed the § 2255 Motion, November 19, 2020. The two matters should not be confused.

> prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d
> at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v.
> Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have
> been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v.
> Board of Control, Grand Valley State Univ*. 903 F. Supp. 1181, 1191
> (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11
> *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.,* 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.,* 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id*. Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id*. In ruling on a Fed.R.Civ.P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker,* 554 U. S. 471, 485-486, n. 5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008) (quoting prior edition)." *Bannister v. Davis*, 140 S. Ct. 1698, 1703, 207 L.Ed. 2d 58 (2020).

## Analysis

Jones first argues the Report, the Order, and the Judgment are in error in finding his Motion to Vacate under § 2255 is untimely.

The Report concluded that "Jones took no appeal, so his conviction became final when his time to appeal expired January 14, 2018. Aside from a Motion for Compassionate Release, nothing further was filed in the case until Jones deposited his § 2255 Motion in the prison mail on October 19, 2020." (Report, ECF No. 60, PageID 198). For any claim that was ripe when the conviction became final, the statute of limitations expired January 15, 2019. 28 U.S.C. § 2255(f)(1).

Defendant makes a lengthy claim that Bureau of Prisons officials interfered with his ability to file, but he claims that interference began on March 16, 2020, when he was placed in the Special Housing Unit at FCI Beckley (ECF No. 85, PageID 281). This date is, of course, two months after the statute ran on claims ripe at the time the conviction became final.

**Retroactivity of *Rehaif v. United States*, 588 U.S. \_\_\_, 139 S. Ct. 2191 (2019)**

Jones makes no substantive claim that was ripe when his conviction became final. Instead, he claims entitlement to relief under *Rehaif v. United States,* 588 U.S. \_\_\_, 139 S. Ct. 2191 (2019), decided June 21, 2019. Under 28 U.S.C. § 2255(f)(3), the one-year statute of limitations, instead of running from the finality of the conviction, can run from "(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Jones asserts that, because he is raising a claim under *Rehaif*, his time to file did not expire until June 19, 2020,

4

and the further delay of four months until he actually filed on October 19, 2020, should be equitably tolled.

The Report noted that *Rehaif* did not discuss retroactivity at all, and thus did not newly recognize a right and make it retroactively applicable to cases on collateral review, as required by § 2255(f)(3)(ECF No. 60, PageID 200).  Defendant correctly asserts that *Rehaif* was a case of statutory interpretation (Objections, ECF No. 75, PageID 286, citing *Khamisi-El v. United States,* 800 Fed. Appx. 344, 349 (6th Cir. 2020)).

The crucial next step in Defendant's logic is that *Rehaif* applies retroactively precisely because it is a case of statutory interpretation (Motion, ECF No. 75, PageID 286, citing *Bousley v. United States*, 523 U.S. 614, 620 (1998)(Stevens, concurring in part and dissenting in part), and *United States v. O'Brien*, 560 U.S. 218 (2010). Jones continues:

> Whether *Rehaif* has been made retroactive to cases on collateral review by the Supreme Court turns on the nature of *Rehaif's* rule. Under the retroactivity principles of *Teague v. Lane*, 489 U.S. 288 (1989), new procedural rules are not retroactive to cases on collateral review. But new substantive rules, the Supreme Court has established, are retroactively applicable on collateral.  *Bousley v. United States,* 523 U,S, 614, 620 (1998).

*Id.*

Thus Jones does not assert the Supreme Court **expressly** made *Rehaif* applicable to cases on collateral review.  Instead, he asserts the Court implicitly did so by creating a new substantive rule.

Jones cites no case authority holding that *Rehaif* applies on collateral review.  The closest he comes is *Baker v. United States,* 2020 U.S. App. LEXIS 8025 (6th Cir. Mar. 12, 2020)(Daughtrey, J.), in which a single judge of the Sixth Circuit held that the question of whether

5

*Rehaif* applies on collateral review is debatable among jurists of reason and granted petitioner a certificate of appealability on that question. Judge Daughtrey wrote:

> Finally, in his third motion to amend his § 2255 motion, Baker argued that his § 922(g) felon-in-possession conviction should be vacated under *Rehaif*, which held that the government must prove that a defendant knew that he possessed a firearm and also that he knew that he was a felon and thus barred from possessing a firearm. 139 S. Ct. at 2200. The district court denied Baker's motion to amend his § 2255 motion to add this claim, holding that the Supreme Court has not held that the rule announced in *Rehaif* applies retroactively to cases on collateral review. Reasonable jurists could debate that decision, and thus a COA will issue for this claim.

*Id.* at *8-9. Judge Daughtrey's opinion does not reveal any of the underlying arguments Baker made for retroactivity or her own position on retroactivity. The Sixth Circuit has not yet decided Baker's appeal.

Because Jones cites no controlling authority, this Court must decide for itself whether *Rehaif* applies retroactively to cases on collateral review. Whether a Supreme Court decision applies retroactively should be decided by the district court in the first instance. *Wiegand v. United States,* 380 F.3d 890, 892 (6th Cir. 2004).

Jones principally relies on *Teague v. Lane, supra.* The critical holding in *Teague* is that, subject to two narrow exceptions, a case that is decided after a defendant's conviction and sentence become final may not provide the basis for federal habeas relief if it announces a new rule. *Graham v. Collins*, 506 U.S. 461 (1993); *Stringer v. Black,* 503 U.S. 222 (1992); *Teague v. Lane*, 489 U.S. 288 (1989). A Supreme Court decision announces a new rule where the issue addressed was susceptible to debate among reasonable minds. *Butler v. McKellar,* 494 U.S. 407, 412-415 (1990).

The rule announced in *Rehaif* is that the *scienter* element of "knowingly" applies to every element of each of the crimes defined in 18 U.S.C. § 922(g). That is the Government must allege and prove that a defendant acted knowingly with respect to each of those elements.

> In *Rehaif* the Supreme Court interpreted 18 U.S.C. § 922(g) which provides criminal penalties for certain classes of persons to possess firearms, including aliens who are illegally or unlawfully within the United States. The Court held that the *mens rea* element of the statute – knowingly – applied to knowing whether one was within one of the prohibited classes. However, the only provision of § 922(g) at issue in the case was § 922(g)(5) relating to aliens; the Court expressly declined to express a view "about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other §922(g) provisions not at issue here."

*United States v. Clegg,* 2019 WL 5307349 (S.D. Ohio Oct. 21, 2019).

Jones was convicted under 18 U.S.C. § 922(g)(1), not (g)(5). The Sixth Circuit has applied *Rehaif* to § 922(g)(1) cases as follows:

> For a § 922(g)(1) violation, "the government must [also] show that [the defendant] knew the facts underlying his status"—that the defendant "knew that he had been convicted in any court of [a felony.]" *United States v. Hobbs*, 953 F.3d 853, 856 (6th Cir. 2020) (internal quotation marks and original alterations omitted) (quoting *Rehaif v. United States*, 139 S. Ct. 2191, 2198, 204 L. Ed. 2d 594 (2019); § 922(g)(1)). A jury may also infer that mens rea element from circumstantial evidence. *Rehaif,* 139 S. Ct. at 2198. And proof that the firearm traveled through interstate commerce can satisfy the statute's nexus requirement. E.g., *United States v. Loney,* 331 F.3d 516, 524 (6th Cir. 2003).

*United States v. Raymore*, 965 F.3d 475, 484 (6th Cir. 2020). In *United States v. Ward*, 957 F.3d 691 (6th Cir. 2020)[2], the Sixth Circuit held that under federal law, the crime of possessing a gun

---

[2] *Raymore* and *Ward* were both direct appeal cases, not collateral review cases, so the question of retroactive application of *Rehaif* on collateral review was not involved.

7

after a felony conviction has the following elements: (1) the defendant was a felon; (2) the defendant knew he was a felon (from *Rehaif*); (3) the defendant knowingly possessed a firearm; and (4) that the firearm had traveled through interstate commerce. 957 F.3d at 696, citing *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019).

The rule in *Rehaif* is unquestionably new.  Most circuit courts had held that the Government did not have to prove that a § 922(g) defendant knew he was within one of the categories of persons prohibited by that statute from possessing a firearm.

Jones asserts that whether a new rule such as that announced in *Rehaif* applies retroactively on collateral review depends on whether the rule is substantive or procedural (ECF No. 75, PageID 287).  That, however, is not an accurate statement of *Teague*.  The basic rule in *Teague* is that new rules do not apply retroactively, but there are two narrow exceptions:

> Two exceptions to the *Teague* rule, however, permit the retroactive application of a new rule whenever: 1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense; or 2) the rule announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.

*In re Carl Green,* 144 F.3d 384, 386 (6th Cir. 1998), *citing Caspari v. Bohlen*, 510 U.S. at 396. Thus the first *Teague* exception is not for "substantive" new rules, but for new rules that place certain kinds of individual conduct beyond the power of government to punish criminally.  *Rehaif* does nothing of the kind.  Both before and after *Rehaif*, it was a criminal act for a person who had been convicted of a felony to possess a firearm.  A classic example of a case within the first *Teague*

exception is *Atkins v. Virginia,* 536 U.S. 304 (2002), where the Supreme Court held that capital punishment could not be imposed on the intellectually disabled.[3]

Jones asserts that *Teague* does not apply at all to new substantive rules (Objections, ECF No. 75, PageID 287, relying on *Beard v. Banks*, 542 U.S. 406 (2004)). That is not the holding of *Beard*. Rather that case held that the rule announced by the Court in *Mills v. Maryland,* 486 U.S. 367 (1988), was a new procedural rule which did not apply retroactively because it was not a "watershed" rule like the entitlement to counsel rule in *Gideon v. Wainwright*, 372 U.S. 335 (1963).

Jones also relies on *Bousley v. United States,* 523 U.S. 614 (1998), as expanding the first *Teague* exception (Objections, ECF No. 75, PageID 288). In 1995 while Bousley's appeal from dismissal of his § 2255 motion was pending, the Supreme Court decided *Bailey v. United States,* 516 U.S. 137 (1995), interpreting the word "use" in 18 U.S.C. § 924(c)(1) to require active use of a firearm for conviction, rather than mere possession. The Supreme Court held Bailey applied retroactively to Bousley's case because it placed some conduct – mere possession of a firearm in connection with a drug offense – outside the reach of the statute, not as a matter of constitutional law, but as a matter of interpreting what Congress intended.

That is not what happened in *Rehaif*. As noted above, possession of a firearm by a person convicted of a felony was illegal both before and after *Rehaif* was decided. What changed was what the Government had to prove, to wit, that a defendant knew he had previously been convicted of a felony.

Jones also relies on *Schriro v. Summerlin,* 542 U.S. 248 (2004)(Objections, ECF No. 75, PageID 288). In *Summerlin* the Court held that its decision in *Ring v. Arizona*, 546 U.S. 584 (2002), allocating decision making authority in capital cases to the jury, was not retroactively

---

[3] The Court used the term "mentally retarded," but later held "intellectual disability" now has the same legal meaning as the term "mental retardation" did in *Atkins*. *Hall v. Florida*, 572 U.S. 701 (2014).

applicable to cases on collateral review because it was properly considered a new procedural rule. *Summerlin* provides no support of Defendant's position.

Jones argues "[a] federal prisoner who is incarcerated for conduct that is later held not to be criminal may obtain his freedom through a motion under § 2255" (Objections, ECF No. 75, PageID 289, citing *Davis v. United States,* 417 U.S. 333, 346-47 (1974), and *Callanan v. United States*, 881 F. 2d 229, 231-32 (6th Cir. 1989).

In *Davis*, a prosecution for refusing induction into the Army, the Supreme Court held the law of the case doctrine did not require application of a ruling derived from Davis's direct appeal when the Ninth Circuit had later abandoned that rule. *Davis* has no application here where the law of the case doctrine is not involved. Moreover, *Davis* was decided long before the Supreme Court regularized its retroactivity doctrine in *Teague*.

In *Callanan*, defendants had been convicted of mail fraud under the intangible rights of the public theory. After their conviction, the Supreme Court repudiated the intangible rights theory in *McNally v. United States*, 483 U.S. 350 (1987). The Sixth Circuit, applying *McNally* retroactively, held that the conduct for which the defendants had been convicted was outside the scope of conduct prohibited by the mail fraud statute and vacated their mail fraud convictions. *Callanan* does not support Defendant's position because *Rehaif* did not place his conduct – possession of a firearm by a convicted felon – outside the reach of 18 U.S.C. § 922(g)(1).

In sum, the Magistrate Judge concludes the Court did not commit a manifest error of law when it held, in adopting the Report, that *Rehaif* does not apply retroactively.

**Even if Retroactive, *Rehaif* Would Not Support Relief in this Case**

Defendant argues at length how *Rehaif* would support relief here (Objections, ECF No. 75, PageID 290-93). Although the Magistrate Judge has concluded *Rehaif* does not apply retroactively, completeness of analysis suggests considering how *Rehaif* would apply here if it were retroactive.

Rehaif's case charging a violation of 18 U.S.C. § 922(g)(5), possession of a firearm by an alien unlawfully in the country, was tried to a jury. The jury was instructed that the Government did not have to prove *Rehaif* knew he was in the country illegally. The Supreme Court's decision was made in the context of repudiating that instruction.

This case was not tried at all, but disposed of on a guilty plea pursuant to a written Plea Agreement (ECF No. 41). Defendant was charged in a four-count indictment with two drugs offenses and two weapons offenses, knowing possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(Count Three) and knowing possession of a firearm after having been convicted of four prior felonies in violation of 18 U.S.C. § 922(g)(1)(Count Four)(Indictment, ECF No. 19). In the Plea Agreement, Jones agreed to plead guilty to Counts Two and Four (ECF No. 41, PageID 96). As part of the Plea Agreement, Jones admitted that, prior to possessing a firearm on the date of the offense, he had been convicted of felony drug trafficking in the Common Pleas Court of Miami County, Ohio. *Id.* at PageID 101.

District Judge Rice accepted the Plea Agreement and Jones' guilty plea on April 4, 2017 (Minute Entry, ECF No. 40). After allowing time for a psychiatric examination and a presentence investigation, Judge Rice sentenced Jones on January 4, 2018, to an aggregate of twelve years

imprisonment (ECF Nos. 43, 53). Jones never appealed and never sought to withdraw his guilty plea on the grounds it was not knowing, intelligent, and voluntary.[4]

Jones now claims his guilty plea was not knowing, intelligent, and voluntary because he was not advised of all of the elements of the § 922(g)(1) charge to which he was pleading, to wit, that the Government would have had to prove at trial that he knew he had been convicted of a felony.

Defendant's argument exalts form over substance. At the plea colloquy and in the Plea Agreement, Jones admitted he had been convicted of a felony and he does not now deny the truth of that fact. One cannot truthfully admit one has been convicted of a felony and, at the same time, claim one did not know one had been convicted of a felony. The Indictment here in Count 4 includes the element that Defendant acted knowingly.

By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime. *United States v. Broce*, 488 U.S. 563, 570 (1989); *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

Petitioner relies on *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), in which the Fourth Circuit on direct appeal[5] held that failure to inform a § 922(g)(1) defendant that the Government would have had to prove at trial that he knew he was a convicted felon rendered the guilty plea voidable. As the Report points out, *Gary* is not binding precedent in the Sixth Circuit (Report, ECF No. 60, PageID 200). Jones acknowledges this point but asserts *Gary* is a "compelling argument." (Objections, ECF No. 75, PageID 292). Apparently not compelling to the United

---

[4] Presumably because there was no appeal, the plea colloquy has not been transcribed. To assure himself that he proceeded correctly with the plea colloquy, Judge Rice may wish to have the colloquy transcribed. The Magistrate Judge has not done so in order to respect the scarcity of court reporter time. Despite claiming the plea colloquy was insufficient, Jones has not sought to have the colloquy transcribed.
[5] Because the case was on direct appeal, the question of whether *Rehaif* applied retroactively to collateral review cases did not arise.

States Supreme Court which unanimously granted certiorari in *Gary*. *United States v. Gary*, 208 L. Ed. 2d 510 (January 8, 2021).

Published Sixth Circuit precedent suggests our circuit would not follow *Gary*. In *United States v. Ward*, 957 F.3d 691(6th Cir. 2020), the court held "where there is clear evidence in the record from which to infer that the defendant knew he was a felon, failure to instruct the jury does not affect the defendant's substantial rights or the fairness or integrity of the proceedings." *Id.* at 695 (collecting cases). It also held a stipulation of a prior felony conviction does not automatically establish knowledge of that status, but it is strongly suggestive of it. *Id.* at 695–96.

In *Baker, supra,* Judge Daughtrey, although she granted a certificate of appealability on *Rehaif* retroactivity, found it would not be debatable among reason jurists that it was not ineffective assistance of trial counsel to concede the felony conviction element when seven prior felonies were easily provable. 2020 U.S. App. LEXIS 8025 at *3-4.

In sum, even if *Rehaif* were retroactively applicable on collateral review, it would not support vacating Defendant's guilty plea here.

**Certificate of Appealability**

As required by Rule 11 of the Rules Governing § 2254 Cases, this Court denied a certificate of appealability in its Judgment (ECF No. 64). Defendant's Rule 59(e) Motion does not discuss the certificate of appealability issue. However, Judge Daughtrey granted a certificate of appealability in *Baker* and the Fourth Circuit granted relief in *Gary*. Hence the two bases on which the Magistrate Judge recommends denying relief are debatable among jurists of reason.

Accordingly, the Magistrate Judge recommends the Judgment herein be amended to grant Jones a certificate of appealability on the question of whether *Rehaif* compels relief in this case.

**Conclusion**

Jones has not shown any manifest error of law in the Court's judgment dismissing his Motion to Vacate under 28 U.S.C. § 2255. Therefore his Motion to Amend under Fed.R.Civ.P. 59(e) should be denied. However, he should be granted a certificate of appealability and permitted to appeal *in forma pauperis*.

January 30, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

**NOTICE REGARDING RECORD CITATIONS**

The attention of all parties is called to S. D. Ohio Civ. R. 7.2(b)(5) which provides:

> (5) **Pinpoint Citations**. Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court

14

> that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. \_\_\_ or Doc. No. \_\_\_) of the document referenced.

The Court's electronic filing system inserts in all filings hyperlinks to the place in the record which has been cited following this Rule. However, as with most computer systems, the CM/ECF program cannot read pinpoint citations which do not follow the Rule precisely. For example, the first pinpoint citation in ODRC's Reply reads "Plaintiff argues that he could not bring this action until "administrative remedies as (sic) are exhausted (sic)." (Doc. 80, PageId# 987)." The correct citation would have been Doc. No. 80, PageID 987." Because Defendant added the "#" symbol, the program failed to inset a hyperlink. Use of this software is mandated by the Judicial Conference of the United States and cannot be locally modified. **The parties are cautioned to comply precisely with S. D. Ohio Civ. R. 7.2(b)(5) in any further filings.**