# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:16-cr-059
                                                Also 3:20-cv-430

                                                District Judge Walter H. Rice
   -  vs  -                           Magistrate Judge Michael R. Merz

DANIEL E. JONES,

                Defendant.      :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This case under 28 U.S.C. § 2255 is before the Court on Defendant's Objections (ECF No. 77) to the Magistrate Judge's Report and Recommendations recommending Defendant's Motion under Fed.R.Civ.P. 59(e) be denied (Report, ECF No. 76). Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 78).

      Jones's Objections are considered *seriatim*.

      Jones first objects to the Magistrate Judge's finding that he never filed timely objections on the merits. It seem likely Defendant was confused by the Court's having granted an extension of time to counsel representing Jones on a compassionate release motion and believed the extension was for objections on the merits. Because Jones has made in connection with his timely Motion to Reopen the case the same substantive arguments he would have made in objections, the point is moot.

1

Jones next objects to the Magistrate Judge's characterizing his Motion to Vacate as subject to Fed.R.Civ.P. 59(e)(Objections, ECF No. 77, PageID 317-18, relying on *Castro v. United States*, 540 U.S. 375, 377 (2003). *Castro* prohibits recharacterizing post-conviction filings as § 2255 motions because of the limits on second or successive § 2255 motions to vacate without notice to the prisoner. But that is not what happened here. Jones himself filed two Motions to Reopen which he labeled as motions to reopen. The Magistrate Judge noted that they were timely under Fed.R.Civ.P. 59(e). They were **not** recharacterized as § 2255 motions.

The effect of treating the Motions to Reopen as motions to amend the judgment was to apply the standard for deciding such motions, rather than the standard for considering objections under Fed.R.Civ.P. 72(b)(3). Jones objects, but offers no showing that he has been prejudiced. He argues about how constricted life has been, both in prison and out, for the last year during COVID-19 restrictions. While that is true, neither the Supreme Court nor this Court has changed procedural rules as a result. Objections to reports and recommendations are still due to be deposited in the prison mail box not later than seventeen days after the report is mailed to the prisoner. The R&R here was mailed to Jones on October 23, 2020, and he filed nothing – neither objections nor a request for extension of time – until December 3, 2020, when he certifies he sent his Motion to Reopen to the United States. That was almost one month after the deadline.

Jones also objects to the Report's conclusion that his Motion to Vacate was itself untimely (ECF No. 77, PageID 318-19). The Report concluded that, because Jones took no direct appeal, the AEDPA one-year statute of limitations began to run on the last day he could have appealed and therefore expired January 15, 2019 (Report, ECF No. 76, PageID 302). Jones claim instead that the statute should run from the date he discovered the relevant facts under 28 U.S.C. § 2255(f)(4)(Objections, ECF No. 77, PageID 319). Although he doesn't say, he presumably intends

to claim the date on which *Rehaif v. United States,* 588 U.S. ___, 139 S. Ct. 2191 (2019), which was June 21, 2019. Even if that were the correct starting date, Jones was still out of time because he filed October 22, 2020, more than sixteen months after *Rehaif* was decided.

Jones objects to the Report's conclusion that *Rehaif* does not apply retroactively to his case (Objections, ECF No. 77, PageID 319-22). This issue is thoroughly discussed in the Report and the Magistrate Judge finds no reason to alter that analysis.

The Report also analyzes why, even if *Rehaif* were applied retroactively, it would not support relief here (Report, ECF No. 76, PageID 309-11). Jones continues to claim his guilty plea was not knowing, intelligent, and voluntary because he was not informed of all the elements of the 922(g)(1) offense, but he offers no proof. Importantly, Jones admitted in the Plea Agreement that he had been convicted of a felony. Given that admission, it makes no sense to claim he did not know he had been convicted of a felony. As noted in the Report, the plea colloquy has not been transcribed and the District Judge may wish to have it transcribed for assurance on this point.

Jones's Objections attempt to extend the category of structural errors to his claim that his plea was not knowing, intelligent, and voluntary, but he cites no authority in which another court has reached this conclusion.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge adheres to his original recommendation that the Petition be dismissed with prejudice but that Jones be granted a certificate of appealability.

Because the Sixth Circuit has currently pending a case that raises the *Rehaif* retroactivity issue, the District Judge may wish to consult slip opinions in Sixth Circuit cases decided after today's date if Petitioner again objects.

March 10, 2021.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #