IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA, :

    Plaintiff,

v. : Case Nos. 3:16-cr-59, 3:20-cv-430

DANIEL E. JONES, JUDGE WALTER H. RICE

    Defendant. :

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #76) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #79); OVERRULING IN PART AND SUSTAINING IN PART DEFENDANT'S OBJECTIONS THERETO (DOCS. ##77, 80); OVERRULING DEFENDANT'S MOTIONS TO REOPEN CASE, WHICH THE COURT REVIEWS UNDER FED. R. CIV. P. 59(e) (DOCS. ##66, 67); AMENDING NOVEMBER 19, 2020, JUDGMENT (DOC. #64) TO GRANT CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

On April 4, 2017, Defendant Daniel E. Jones pled guilty to charges of Possession with Intent to Distribute Fentanyl, and being a Felon in Possession of a Firearm. Docs. ##41, 42. On January 4, 2018, he was sentenced to 144 months in prison, and Judgment was entered the following day. Doc. #54.

On June 21, 2019, the United States Supreme Court issued a decision in *Rehaif v. United States*, 588 U.S. --, 139 S. Ct. 2191 (2019), holding that in order to obtain a conviction under 18 U.S.C. § 922(g), the Government must prove not only that the Defendant knew that he possessed a firearm, but also that he knew

that he belonged to the relevant class of persons who were prohibited from possessing a firearm. *Id.* at 2194. Persons like Mr. Jones, who have been convicted of "a crime punishable by imprisonment for a term exceeding one year," are among the classes of individuals prohibited from possessing a firearm. 18 U.S.C. § 922(g)(1).

On October 22, 2020, Defendant filed a Motion to Vacate Pursuant to 28 U.S.C. § 2255. Relying on the *Rehaif* decision, he argued that his guilty plea was not knowing, intelligent and voluntary because he was not informed that the Government would have to prove that he knew that he belonged to a class of persons prohibited by statute from possessing a firearm. Doc. #58.

United States Magistrate Judge Michael Merz issued a Report and Recommendations, Doc. #60, in which he found that Defendant's Motion to Vacate was time-barred under 28 U.S.C. § 2255(f), because it was filed more than one year from the date that *Rehaif* was decided. He also held that *Rehaif* does not apply retroactively to cases on collateral review. The Magistrate Judge further found that, because Defendant admitted in his Statement of Facts (attached to the Plea Agreement) that he possessed a firearm and had previously been convicted of a felony, his *Rehaif* argument failed on the merits.[1]

---

[1] In the Statement of Facts, Jones agreed that: "Prior to possessing this firearm, Mr. Jones had been convicted of, among other offenses, the following felony, punishable by a term of imprisonment exceeding one year—namely: on or about October 27, 2010, in the Common Pleas Court of Miami County, Ohio, Case No. 2010CR113, of trafficking in drugs, in violation of the Ohio Revised Code." Doc. #41, PageID#101.

2

When no Objections were filed, the Court adopted the Report and Recommendations and dismissed the § 2255 Motion to Vacate with prejudice as without merit and barred by the statute of limitations. The Court denied a certificate of appealability and leave to appeal *in forma pauperis.* Doc. #63. Judgment to that effect was entered on November 19, 2020. Doc. #64.

On December 7, 2020, and December 8, 2020, Defendant filed identical Motions to Reopen Case. Docs. ##66, 67. Therein, he claimed that he had filed a motion for an extension of time to file Objections to the Report and Recommendations. He further claimed that when he received a November 19, 2020, Notation Order sustaining his motion for extension of time, he assumed that it referred to this request. In actuality, the Notation Order granted a motion for extension of time that was filed by counsel appointed to represent Defendant in connection with a separate Motion for Compassionate Release, Doc. #57.

Magistrate Judge Merz then issued an Order to Supplement Motion. Doc. #68. Given that the Court had no record of Defendant filing a motion for an extension of time to file Objections to the Report and Recommendations, he found no good cause to reopen the case. Nevertheless, he gave Defendant until December 28, 2020, to supplement his pending Motions to Reopen, setting forth any substantive Objections he had to the Report and Recommendations. This deadline was later extended. Doc. #74.

On January 27, 2021, Defendant filed his "Objections" to the Report and Recommendations. Doc. #75. With respect to the timeliness of his Motion to

3

Vacate, he argued that the statute of limitations should be equitably tolled because of restrictions imposed by prison officials. He claimed that between March 16, 2020, and June 27, 2020, while he was in the Special Housing Unit at FCI-Beckley, he repeatedly requested his legal documents and writing materials so that he could complete his § 2255 motion or seek an extension of time, but prison officials denied his requests. *Id.* at PageID#281. As to the merits, he argued that *Rehaif* did apply retroactively to cases on collateral review, and that his guilty plea was not made knowingly and voluntarily because he was not accurately informed of the elements that the Government would be required to prove to obtain a conviction on the firearms charge.

Magistrate Judge Merz then issued another Report and Recommendations. Doc. #76. Given that the "Objections" were filed so late, he found that they were not entitled to *de novo* review, but could be reviewed under the standard set forth in Fed. R. Civ. P. 59(e) for motions to alter or amend a judgment. He concluded that Defendant had not satisfied any of those requirements.

As to the § 2255 Motion to Vacate, Magistrate Judge Merz explained why, under Sixth Circuit law, the court did not clearly err in holding that *Rehaif* does not apply retroactively to cases on collateral review. He further held that, even if *Rehaif* applied retroactively, it would not support Defendant's claim for relief given Defendant's admission that, prior to possessing a firearm on the date of the offense, he had been convicted of felony drug trafficking, a crime punishable by imprisonment for a term exceeding one year. Magistrate Judge Merz stated, "[o]ne

cannot truthfully admit one has been convicted of a felony and, at the same time, claim one did not know one had been convicted of a felony." Doc. #76, PageID#310. He therefore recommended that the Court overrule the Objections.

Nevertheless, because he found that reasonable jurists could disagree about the applicability of *Rehaif*, Magistrate Judge Merz recommended that the Court amend the Judgment, Doc. #64, to grant a certificate of appealability on the question of whether *Rehaif* compels relief in this case, and to permit Defendant to appeal *in forma pauperis*. In support, the Magistrate Judge cited to *Baker v. United States*, No. 19-6025, 2020 U.S. App. LEXIS 8025, at *9 (6th Cir. Mar. 12, 2020), in which Judge Daughtrey issued a certificate of appealability on the question of *Rehaif*'s applicability to cases on collateral review, and to *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), *cert. granted*, 141 S. Ct. 974 (Jan. 8, 2021), in which the court held that failure to inform a defendant that the Government would have to prove at trial that he knew he was a convicted felon rendered the guilty plea voidable.

Defendant filed timely Objections to this second Report and Recommendations. Doc. #77. He again objects to Magistrate Judge Merz's finding that his Objections, Doc. #75, were untimely, given Defendant's insistence that he filed a motion for an extension of time. Defendant also again argues that he was prevented by prison officials from timely filing his § 2255 motion, and objects to his claims being reviewed under Fed. R. Civ. P. 59(e). As to the merits of that motion, he reiterates his objections to Magistrate Judge Merz's findings

5

that *Rehaif* is inapplicable to his claim, and that his guilty plea was made knowingly, intelligently and voluntarily.

Magistrate Judge Merz then issued a Supplemental Report and Recommendations. Doc. #79. He noted that any issue concerning the timeliness of the Objections to the initial Report and Recommendations is moot, given that Defendant has been given the opportunity to file the same substantive arguments that he would have raised in those Objections.

Magistrate Judge Merz clarified that he was not recharacterizing the *§ 2255 Motion to Vacate* as a motion to amend the judgment under Fed. R. Civ. P. 59(e). Rather, because the Court had already entered a Judgment dismissing the § 2255 motion with prejudice, Doc. #64, the Court was treating the Motions to Reopen Case, Docs. ##66 and 67 (as supplemented by the untimely Objections to the Report and Recommendations, Doc. #75), as motions to alter or amend the judgment.

With respect to the timeliness of the § 2255 motion, Magistrate Judge Merz noted that it was not filed until sixteen months after *Rehaif* was decided. As to the merits of Defendant's *Rehaif* argument, Magistrate Judge Merz referred to his analysis in the previous Report and Recommendations concerning retroactive application to cases on collateral review, and again noted that Defendant's admission that he had previously been convicted of a felony would appear to foreclose any claim for relief. He again recommended that the motions to reopen be denied, but that Defendant be granted a certificate of appealability.

6

Defendant then filed timely Objections to the Supplemental Report and Recommendations, Doc. #80, reiterating many of his previous arguments about equitable tolling, the retroactive application of *Rehaif* to cases on collateral review, and the effect of his "admission" that, prior to the instant offense, he had been convicted of a felony. Citing *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), he again argues that the failure to accurately advise him, prior to his guilty plea, of the elements that the Government would have to prove to convict him on the firearms charge constitutes structural error. He therefore claims that he is entitled to relief under § 2255 or, in the alternative, an evidentiary hearing.

As required, the Court has made a *de novo* review of those portions of the Reports and Recommendations to which proper Objections have been filed. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b). Based on the reasoning and citations of authority set forth by United States Magistrate Judge Michael Merz in his Report and Recommendations, Doc. #76, and his Supplemental Report and Recommendations, Doc. #79, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filings IN PART and REJECTS them IN PART. Defendant's Objections thereto, Docs. ##77, 80, are SUSTAINED IN PART and OVERRULED IN PART.

As to the timeliness of the § 2255 Motion to Vacate, the Court finds that, even though the motion was filed sixteen months after *Rehaif* was decided, Defendant has made a colorable claim that the one-year statute of limitations should be equitably tolled based on restrictions imposed by prison officials at FCI-

7

Beckley between March and June of 2020. *See Holland v. Florida*, 560 U.S. 631 (2010).

Nevertheless, the Court finds that the § 2255 Motion to Vacate fails on the merits because, for the reasons explained by Magistrate Judge Merz, *Rehaif* does not apply retroactively to cases on collateral review. Finding no clear error in the previous order, the Court OVERRULES Defendant's Motions to Reopen Case, Docs. ##66, 67. Because the Court agrees with Magistrate Judge Merz's conclusion that reasonable jurists could disagree about the applicability of *Rehaif* to Defendant's case, the Court AMENDS the Judgment issued on November 19, 2020, Doc. #64, to grant Defendant a certificate of appealability and leave to appeal *in forma pauperis.*

Notably, that certificate of appealability applies not only to the question of whether *Rehaif* applies retroactively to cases on collateral review, but also to the question of whether Defendant's admission, in the Statement of Facts attached to the Plea Agreement, *i.e.*, that he had been convicted of a felony prior to committing the instant offense, would bar any claim to relief under *Rehaif.* The undersigned does not agree with Magistrate Judge Merz that the Statement of Facts *necessarily* bars a claim for relief.

The Statement of Facts indicates that "[p]rior to possessing this firearm, Mr. Jones had been convicted of, among other offenses, the following felony, punishable by a term of imprisonment exceeding one year—namely: on or about October 27, 2010, in the Common Pleas Court of Miami County, Ohio, Case

8

Numberr 2010CR113, of trafficking in drugs, in violation of the Ohio Revised Code." Doc. #41, PageID#101. This, however, merely states a *historical fact* about Defendant's criminal history. Absent from this statement is any indication that, at the time he possessed the firearm, Defendant *knew* that he had been convicted of a crime punishable by imprisonment for a term exceeding one year. In the Court's view, reasonable jurists could disagree about whether, under *Rehaif*, this is a distinction without a difference.[2]

Date: April 9, 2021

/s/ Walter H. Rice
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

[2] The Court acknowledges that the Sixth Circuit has held that, although a stipulation of a prior felony conviction "does not automatically establish knowledge of felony status, it is strongly suggestive of it." *United States v. Ward*, 957 F.3d 691, 695-96 (6th Cir. 2020) (quoting *United States v. Conley*, 802 Fed. Appx. 919, 923, (6th Cir. Feb. 5, 2020)).