THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF
AMERICA,           :

        Plaintiff,

       v.           :

DANIEL E. JONES,

        Defendant.    :

Case No. 3:16-cr-59

Judge Walter H. Rice

---

DECISION AND ENTRY OVERRULING MOTION TO MODIFY
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) (DOC. #57) OF
DEFENDANT DANIEL E. JONES

---

Before the Court are the Motion to Modify Sentence Pursuant to 18 U.S.C. §
3582(c)(1)(A) ("Motion," Doc. #57) of Defendant Daniel E. Jones. For the reasons
set forth below, the Motion is OVERRULED.

I.    **Factual Background and Procedural History**

On January 5, 2018, Defendant was sentenced to 144 months
imprisonment after being convicted of possession with intent to distribute a
mixture or substance containing a detectable amount of fentanyl, and possession
of a firearm by a convicted felon. (Judgment, Doc. #54, PAGEID 170-71, citing
18 U.S.C. §§ 922(g)(1), 924(a)(2); 21 U.S.C. § 841(a)(1), (b)(1)(C); Indictment,
Doc. #19). Defendant is thirty-six years old with a present release date of
November 18, 2026.[1]

---

[1] https://www.bop.gov/inmateloc/ (last accessed Aug. 26, 2024).

On October 21, 2020, Defendant filed the instant Motion *pro se*, arguing that the combination of many people smoking in Federal Correctional Institution ("FCI")-Hazelton and the prison's failure to follow COVID-19 protocols had caused a severe and imminent risk to his health. (Doc. #57, PAGEID 186, 188). On November 2, 2020, Defendant filed a compassionate release request to his warden, who denied the request on November 16, 2020. (Supp. Memo., Doc. #71, PAGEID 242-43). On December 30, 2020, Defendant, now represented by counsel, filed a Supplemental Memorandum in Support of the Motion. Therein, he argues that his race, sex, combination of prediabetes, gastro-esophageal reflux disease, and the high transmission at FCI-Hazelton create an unacceptably high risk of contracting severe COVID-19, and constitute an extraordinary and compelling reason for release. (Doc. #71, PAGEID 236-37). He also argues that a period of lengthy supervised release, along with his good behavior while incarcerated, reduced the risk of recidivism, and, thus, the 18 U.S.C. § 3553(a) factors weigh in favor of release. (*Id*. at PAGEID 238-40).

The matter is ripe for decision.[2]

---

[2] On July 21, 2021, this Court dismissed the Motion "because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility." (Order, Doc. #82, PAGEID 352). Defendant moved to correct, noting that attached to the Supplemental Memorandum were Defendant's request for compassionate release and the warden's denial of same, both of which occurred more than thirty days prior to filing the Supplemental Memorandum. (Motion to Reconsider and Correct, Doc. #83, PAGEID 354). On July 26, 2021, the Court sustained Defendant's Motion to Reconsider and Correct and reinstated Defendant's Motion for Compassionate Release. (Decision and Entry, Doc. #84).

## II.    Legal Standards

A district court may, in certain limited circumstances, grant "compassionate

release" and modify a term of imprisonment after it has been imposed:

> [T]he court ... may reduce the term of imprisonment (and may impose
> a term of probation or supervised release with or without conditions
> that does not exceed the unserved portion of the original term of
> imprisonment), (1) after considering the factors set forth in section
> 3553(a) to the extent that they are applicable, (2) if it finds that
> extraordinary and compelling reasons warrant such a
> reduction . . .(3) and that such a reduction is consistent with
> applicable policy statements issued by the Sentencing Commission. [3]

18 U.S.C. § 3582(c)(1)(A)(i) (numeration added).  Defendants seeking

compassionate release may file a motion with the district court only after they

submit a request to his or her warden to move for compassionate relief on their

behalf and either (a) the warden denies the request, or (b) the warden does not

respond within thirty days from the submission of the request.  *Id.*  Failure to

comply with the exhaustion strictures set forth in the statute deprive a court of

authority to entertain the petition.  *See United States v. Alam*, 960 F.3d 831, 834

(6th Cir. 2020) (internal quotation marks and citation omitted) (First Step Act's

exhaustion requirement is, in essence, a "mandatory claim-processing rule[]" that,

when properly invoked, courts must enforce by dismissing the motion).

---

[3] The United States Court of Appeals for the Sixth Circuit has held that the Guidelines Section 1B1.13 is not an applicable policy statement with respect to motions for compassionate release filed by prisoner defendants. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Nonetheless, the Court may look to Section 1B1.13 for guidance as to what constitutes an "extraordinary and compelling reason[.]" *Id.* at 519-20.

3

If the district court adjudges that a defendant has not met one of the elements, then it may overrule a motion for compassionate release without discussing any of the other elements. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Further, relief under the statute is wholly discretionary; even if a defendant meets all three elements of the statute, the Court may, but need not, order compassionate release. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).

III.    **Analysis**

Defendant has failed to set forth an extraordinary and compelling reason justifying release. Shortly after the Supplemental Memorandum was filed, the COVID-19 vaccine became widely available in federal prisons. While Defendant's combination of prediabetes and gastro-esophageal reflux disease may have constituted an extraordinary and compelling reason prior to the widespread availability of vaccines, it is no longer. "To that end, we agree with the Seventh Circuit that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021), citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). *Lemons* remains good law in this Circuit, and thus, Defendant's preexisting health conditions cannot be an extraordinary and compelling reason. Defendant's Motion fails for that reason alone. *Elias*, 984 F.3d at 519.

4

Defendant's Motion would also fail even if an extraordinary and compelling reason for release existed.  As Defendant concedes, his one 144-month sentence was a significant downward departure from the 188-235 month range that the United States Sentencing Guidelines provided for, given his adjusted offense level of thirty-one and criminal history category of VI, the highest possible category in the Guidelines.  (Doc. #71, PAGEID 240).  By his own admission, he not only possessed with intent to distribute 400 grams of fentanyl, he engaged in an hours-long standoff with federal and local authorities while possessing a firearm.  (Stmt. of Facts, Doc. #41, PAGEID 101).  Defendant's actions consistently and severely jeopardized public safety.[4]  Moreover, as Defendant again concedes, he "is a recidivist."  (Doc. #71, PAGEID 239).  Indeed, his arrest in this case occurred less than six years after being convicted of drug trafficking in the Miami County, Ohio, Court of Common Pleas.  (Doc. #41, PAGEID 101).

In light of the above, a reduction of Defendant's sentence to time served and release from confinement would not serve "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]"  18 U.S.C. § 3553(a)(2)(A).  As Defendant has failed to satisfy the 18 U.S.C. § 3553(a) factors, his Motion must be overruled for that reason as well.

---

[4] *See, e.g.*, *State v. Daniels*, 8th Dist. Cuyahoga No. 108299, 2020-Ohio-1496, ¶ 35 (Apr. 16, 2020) ("We cannot overstate the harm that fentanyl has wrought on this state.").

IV.     **Conclusion**

For the reasons set forth above, Defendant's Motion for Compassionate

Release (Doc. #57) is OVERRULED.

The captioned case remains terminated upon the docket records of the

United States District Court for the Southern District of Ohio, Western Division, at

Dayton.


IT IS SO ORDERED.

WALTER H. RICE, JUDGE
August 28, 2024                                              UNITED STATES DISTRICT COURT